IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRENCE MIKLOS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 01-cv-0303 |
| | ) | |
| ANTHONY J. PRINCIPI, Secretary | ) | |
| Department of Veterans Affairs | ) | |
| | ) | |
| Defendant | ) | |

## OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Amend the February 1, 2006 Order to Permit an Interlocutory Appeal Under 28 U.S.C. § 1292(b) (Doc. 61). On February 7, 2006, after being told by Defendant via a telephone call, that Defendant would be opposing this motion, the Court ordered Defendant to file a response to Plaintiff's Motion on or before February 15, 2006. Having independently analyzed Plaintiff's motion, however, the Court now is of the opinion that it is not necessary to wait for Defendant's opposition brief before reaching a decision on Plaintiff's motion. For the reasons set forth below, Plaintiff's motion is denied.

I. Legal Analysis.

28 U.S.C. § 1292(b) states:

[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in

the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). In his motion, Plaintiff argues that there is a substantial ground for difference of opinion with respect to this Court's finding that a number of the alleged acts of retaliation discussed in Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment ("Plaintiff's Opposition Brief") had not been pled in Plaintiff's Amended Complaint and therefore, the Court would not consider said actions in analyzing Defendant's motion for summary judgment on Plaintiff's retaliation claim. See February 1, 2006 Opinion and Order, pages 20-22. Specifically, Plaintiff argues that under the legal principle of notice pleading, Plaintiff's Amended Complaint sufficiently pled a claim for retaliation which would include these alleged acts and therefore, this part of the Court's ruling on Defendant's motion for summary judgment was in error. Plaintiff's motion, ¶ 3. Plaintiff further argues that allowing for an interlocutory appeal will materially advance the ultimate termination of this litigation because Plaintiff plans to appeal this Court's order granting judgment in favor of Defendant on Plaintiff's retaliation claim following the trial of the remaining issues regardless of the outcome of the trial. Id. at ¶ 4.

Fed.R.Civ.P. 8(a)(2) states that "[a] pleading which sets forth a claim for relief . . . shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(f) states "[a]ll pleadings shall be so construed as to do substantial justice."

In Swierkiewicz v. Soreman, 534 U.S. 506, 122 S.Ct 992 (2002), the United States Supreme Court explained:

> Federal Rule of Civil Procedure 8(a)(2) . . . provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Such a statement must simply "give the defendant fair notice of

2

what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims. See *id.*, at 47-48, 78 S.Ct. 99; *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168-169, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). "The provisions for discovery**513** are so flexible and the provisions for pretrial procedure and summary judgment so effective, that attempted surprise in federal practice is aborted very easily, synthetic issues detected, and the gravamen of the dispute brought frankly into the open for the inspection of the court." 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202, p. 76 (2d ed. 1990).

Id. at 512. The Swierkiewicz Court further stated:

[o]ther provisions of the Federal Rules of Civil Procedure are inextricably linked to Rule 8(a)'s simplified notice pleading standard. Rule 8(e)(1) states that "[n]o technical forms of pleading or motions are required," and Rule 8(f) provides that "[a]ll pleadings shall be so construed as to do substantial justice." Given the Federal Rules' simplified standard for pleading, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding. Moreover, claims lacking merit may be dealt with through summary judgment under Rule 56. The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim. See *Conley, supra,* at 48, 78 S.Ct. 99 ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits").

Id. at 513-14.

To determine whether under Rule 8(a)'s simplified notice pleading standard, Plaintiff adequately pled a claim for retaliation which would include the alleged acts discussed in Plaintiff's Opposition Brief, in reaching its decision in the February 1, 2006 Opinion and Order, the Court compared the alleged acts of retaliation listed in Plaintiff's Opposition Brief with the

3

allegations contained in the relevant paragraphs of Plaintiff's Amended Complaint. In his Opposition Brief, Plaintiff articulated the following actions allegedly undertaken by Defendant which constituted the adverse employment actions underlying his retaliation claim. See Plaintiff's Opposition Brief, pp. 28-29, 31-32. First, Plaintiff argued that "immediately after Plaintiff filed his second EEO complaint, Plaintiff, and only Plaintiff, was assigned to work an additional group when he already had the most burdensome schedule in recreation therapy." Plaintiff's Opposition Brief, p. 28. Second, Plaintiff contended that "Defendant also stripped MAT duties from the Plaintiff. Following Plaintiff's demotion and the filing of his first EEO complaint, Ms. Taylor and/or Ms. Zeiler decided to terminate the woodworking and ceramics clinics that had been among the most popular programs performed by the MATs for a number of years, and threatened to terminate a number of other programs, such as arts and crafts and the green house." Id. at pp. 28-29. Finally, Plaintiff argued that Ms. Taylor harassed him and that these acts of harassment, when taken as a whole, were objectively severe and pervasive enough to alter a condition of Plaintiff's employment such that they together constitute an adverse employment action:

> [s]pecifically, Ms. Taylor frequently referred to Plaintiff in writings using the feminine version of his name, "Terri;" She has written several false reports of contact which accused Plaintiff of not performing his work or not being present at his assigned work area; She has failed to respond to his e-mails on numerous occasions and has refused to meet with him; She often orders supplies late or not at all for Plaintiff's activities, which causes a great deal of embarrassment when the volunteer groups arrive for the activities for which the supplies were needed; She and Ms. Capuzzi frequently canceled Plaintiff's programs when he was off rather then covering them and then would receive awards for covering the activities when they actually did not; She has frequently failed to pass on information to Plaintiff that is important for the performance of his duties, such as patient diet restrictions; She frequently changes Plaintiff's group schedules over his objections, making his schedule more erratic than other employees in recreation therapy; She told Plaintiff on multiple occasions that he wasn't qualified to perform certain tasks, such as serving food, and then assigned

4

> volunteers to perform these tasks; She wouldn't allow Plaintiff to contact volunteer groups concerning MAT programs, and finally; she refused to trade days off with Plaintiff although she expected him to do so for her.

Plaintiff's Opposition Brief, pp. 31-32 (citations to record omitted).

Plaintiff's retaliation claim is contained in paragraphs 6-13 of Plaintiff's Amended Complaint. Paragraph 8 of Plaintiff's Amended Complaint alleged: "[o]n or about June 26, 2000, Plaintiff filed a formal complaint of age and gender discrimination with the EEO counselor." Paragraph 9 of Plaintiff's Amended Complaint alleged:

> [b]eginning in July, 2000 and continuing through the present, the Defendant, acting through its agents, servants and employees, has retaliated against Plaintiff through one or more of the following acts:
>
> (a) Defendant, acting through its agents and employees, has unjustly reprimanded Plaintiff on several occasion[s] for matters for which other employees were not subjected to any disciplinary action;
>
> (b) Plaintiff has been excluded from meetings which other similarly situated employees have been permitted to attend;
>
> (c) [a] position which Plaintiff applied for in September, 2000, was canceled to prevent Plaintiff from being promoted to this position; and
>
> (d) [b]eginning on August 4, 2000, Plaintiff's supervisor, who was then the subject, in part, of Plaintiff's initial charge of discrimination, assigned her husband to work in Plaintiff's work area. Plaintiff's supervisor's husband thereafter subjected Plaintiff to verbal abuse and harassment.

Amended Complaint, ¶ 9 (a) - (d). Paragraph 10 of Plaintiff's Amended Complaint alleged: "[t]he foregoing actions of the Defendant are severe and pervasive enough to alter a term, condition or privilege of employment." Paragraph 11 of Plaintiff's Amended Complaint alleged: "[b]y reason of the foregoing, the Defendant unlawfully retaliated against the Plaintiff because of

he filed a charge of discrimination under the ADEA and Title VII, and in doing so, the Defendant violated Title VII . . . ." Paragraph 12 of the Amended Complaint alleged: "[a]s the direct and proximate result of the Defendant's actions set forth above, the Plaintiff has suffered humiliation, embarrassment and loss of self-esteem, adverse health effects, and loss of time and money in endeavoring to protect himself from Defendant's unlawful discrimination, including the costs and reasonable attorney's fees of this action."

In the Court's February 1, 2006 Opinion and Order, I held that of all the alleged acts discussed in Plaintiff's Opposition Brief, only Taylor's writing of false reports of contact which accused Plaintiff of not performing his work or not being present at his assigned work area fell within the ambit of the Amended Complaint. After again reviewing this decision, I continue to opine that even under notice pleading, Defendant was not given "fair notice" that Plaintiff's retaliation claim also included (with the one exception) the alleged actions discussed by Plaintiff in his Opposition Brief. Indeed, were I to conclude otherwise, this Court would not be construing the pleadings "as to do substantial justice." Fed.R.Civ.P. 8(f). More importantly for purposes of this Motion, for the reasons articulated in my February 1, 2006 Opinion and Order and in today's Opinion and Order, I am not of the opinion that my February 1, 2006 Opinion and Order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. §1292(b).

II. Conclusion.

Plaintiff's Motion to Amend the February 1, 2006 Order to Permit an Interlocutory Appeal Under 28 U.S.C. § 1292(b) (Doc. 61) is denied. An appropriate order follows:

## ORDER

AND NOW, this 9th day of February, 2006, it is HEREBY ORDERED, ADJUDGED and DECREED that Plaintiff's Motion to Amend the February 1, 2006 Order to Permit an Interlocutory Appeal Under 28 U.S.C. § 1292(b) (Doc. 61) is DENIED.

S/Maurice B. Cohill, Jr.
Maurice B. Cohill, Jr.
Senior District Judge